# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZOUNDA LEE, TASHA GREEN | * | CIVIL ACTION |
| ERIC LEWIS AND MICHAEL RUFFIN | * | |
| | * | NO. |
| Plaintiffs | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| | * | |
| WERNER ENTERPRISES INC, | * | |
| OF NEBRASKA, | * | MAGISTRATE: |
| JAMAIR COURTNEY and ACE | * | |
| AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Defendants | * | |

*************************************************************************

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, ZOUNDA LEE, TASHA GREEN, ERIC LEWIS and MICHAEL RUFFIN, all persons of the full age of majority and residents of and domiciled in the Parish of Orleans, State of Louisiana, who respectfully submit the following Complaint:

### I. INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about August 3, 2017, in the Parish of Orleans, State of Louisiana.

### II. THE DEFENDANTS

2.

Made Defendants herein are:

A.  JAMAIR COURTNEY ("Defendant Courtney") a person of the full age of the majority and resident of and domiciled in the County of Decatur, State of Georgia;

B.  WERNER ENTERPRISES INC., OF NEBRASKA, (hereinafter, "Werner"), a foreign corporation upon information and belief, incorporated in the State of Indiana and having its principal place of business in the State of Indiana, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the August 3, 2017, motor vehicle collision at issue and the entity that employed Defendant Courtney while he was driving in the course and scope of his employment at the time of the August 3, 2017, motor vehicle collision;

C.  ACE AMERICAN INSURANCE COMPANY, (hereinafter "Ace"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in the State of Pennsylvania and having its principal place of business in the State of Pennsylvania, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Jamair and owned by Werner.

### III. JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

4.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

### IV. FACTS

5.

On or about August 3, 2017, Michael Ruffin was the operator of a 2007 Nissan Sentra, traveling westbound in the middle lane of Interstate 610.

6.

Plaintiffs, Zounda Lee, Tasha Green and Eric Lewis, were passengers in the vehicle driven by Mr. Ruffin at the time of the August 3, 2017 crash.

7.

At the same date and time, Defendant Jamair, was driving a 2016 Freightliner truck (VIN: 3AKJGLD50GSGU0001) with an attached box trailer, westbound on I-610 in the left-hand lane.

8.

Defendant Jamair negligently failed to keep a proper lookout and attempted to change from the left lane to the right lane, causing his vehicle to enter Plaintiffs' lane of travel and collide with Plaintiffs' vehicle as well as another vehicle which was also being driven in the same lane of travel.

9.

As a result of Defendant Jamair's tractor-trailer colliding with the Ruffin vehicle, Michael Ruffin, Zounda Lee, Eric Lewis and Tasha Green were violently jolted inside the vehicle.

10.

Defendant Jamair was cited by the New Orleans Police Department for improper lane change.

11.

The vehicle being driven by Defendant Jamair was owned by Werner, and Defendant Jamair was within the course and scope of his employment with Werner when he crashed into the vehicle containing Plaintiffs.

## V. FAULT OF COURTNEY JAMAIR

12.

The above described August 3, 2017 motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Jamair, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;
b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

### VI. LIABILITY OF WERNER ENTERPRISES OF NEBRASKA

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Werner is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Jamair.

## VII. LIABILITY OF ACE AMERICAN INSURANCE COMPANY

14.

Ace American Insurance Company, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Werner, as owner, and Defendant Jamair, as operator of the insured vehicle, for his negligence in connection with the August 3, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, Werner Enterprises Inc. of Nebraska, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Jamair and Werner.

## VIII. DAMAGES

15.

As a result of said August 3, 2017, motor vehicle collision, Mrs. Zounda Lee suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

16.

Mrs. Zounda Lee's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Jamair and his failure to operate his vehicles in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, Mrs. Zounda Lee suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present, and future lost earnings;

g) Loss of earning capacity; and

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

18.

As a result of said August 3, 2017, motor vehicle collision, Mr. Michael Ruffin suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

Mr. Michael Ruffin's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Jamair and his failure to operate his vehicles in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, Mr. Michael Ruffin suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present, and future lost earnings;

g) Loss of earning capacity; and

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

21.

As a result of said August 3, 2017, motor vehicle collision, Ms. Tasha Green suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

22.

Ms. Tasha Green's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Jamair and his failure to operate his vehicle in a proper, prudent, and safe manner.

23.

As a result of the motor vehicle collision at issue, Ms. Tasha Green suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost wages;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

24.

As a result of said August 3, 2017, motor vehicle collision, Mr. Eric Lewis suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

25.

Mr. Eric Lewis's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Jamair and his failure to operate his vehicle in a proper, prudent, and safe manner.

26.

As a result of the motor vehicle collision at issue, Mr. Eric Lewis suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost wages;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs, Zounda Lee, Tasha Green, Eric Lewis and Michael Ruffin pray that Defendants, WERNER ENTERPRISES INC., OF NEBRASKA, COURTNEY JAMAIR AND ACE AMERICAN INSURANCE COMPANY be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

Respectfully Submitted:

*ALVENDIA, KELLY & DEMAREST, LLC*


/s/Kurt A. Offner
**RODERICK "RICO" ALVENDIA 25554
J. BART KELLY III 24488
JEANNE K. DEMAREST 23032
AMY C. FONTENOT 28577
KURT A. OFFNER 28176**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001

**AND**

**MOTTA LAW, LLC
VANESSA MOTTA (#36915**)
525 Clay Street
Kenner, LA 70062
Telephone: (504) 592-3230
Email: vanessa@mottalaw.com

*ATTORNEYS FOR PLAINTIFF*

**PLEASE SERVE:**

**COURTNEY JAMAIR**
Through Louisiana Long arm statute:
11996 Scenic Highway, Apt 108
Pensacola, FL 32514

**WERNER ENTERPRISES, INC. OF NEBRASKA**
Through its agent for service of process:
National Registered Agents, INC., 3867
Plaza Tower Drive
Baton Rouge, LA 70816

**ACE AMERICAN INSURANCE COMPANY**
Through Louisiana Secretary of State
Louisiana Secretary of State
8585 Archives Avenue Baton
Rouge, LA 70809